Case 4:15-cv-01772 Document 23 Filed in TXSD on 05/25/16 Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
May 25, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BRIAN DORSEY, § | |
| § | |
| Petitioner, § | |
| VS. § | CIVIL ACTION NO. 4:15-CV-1772 |
| § | |
| LORIE DAVIS, § | |
| § | |
| Respondent. § | |

## MEMORANDUM AND ORDER

This case is before the Court on Petitioner Brian Dorsey's Petition for Writ of Habeas Corpus and Respondent Lorie Davis' Motion for Summary Judgment. Having carefully considered the Petition, the Summary Judgment Motion, and the arguments and authorities submitted by the parties, the Court is of the opinion that Respondent's Motion for Summary Judgment should be GRANTED, and Dorsey's Petition for Writ of Habeas Corpus should be DENIED.

I. **Background**

The background facts are not in dispute. Dorsey was convicted of murder in the 315th Judicial District Court of Harris County, Texas. On November 21, 1991, Dorsey was sentenced to 20 years imprisonment.

Dorsey was released to parole on May 31, 2000. His parole was revoked on October 27, 2011. As a result of the revocation, Dorsey forfeited 10 years, three months, and 14 days of "street time" credit.

Dorsey filed a state application for a writ of habeas corpus challenging the forfeiture on December 2, 2014. The state court denied the application on February 11, 2015. *Ex Parte*

*Dorsey*, No. 80,357-03 (Tex. Crim. App. Feb. 11, 2015).  Dorsey filed this federal petition on June 12, 2015.

## II.     Analysis

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a State prisoner has one year in which to file a federal habeas corpus petition.  *Fierro v. Cockrell,* 294 F.3d 674, 679 (5th Cir. 2002).  In this case, petitioner is not challenging his conviction.  Rather, he is challenging the State's calculation of his time served and revocation of street time credit.  Therefore, under 28 U.S.C. § 2244(d)(1)(D), the limitations period began to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

Dorsey contends that the State used an incorrect revocation date to calculate his sentence, and that he was improperly denied street time credit.  Dorsey signed a parole certificate on May 31, 2000.  The certificate stated, in part, that "in the event of revocation of this release on Parole, time spent on Parole will _not_ be credited to my sentence."  Respondent's Exh. B at 2.   Dorsey's parole was revoked on October 27, 2011.  Because he was, or should have been, aware that revocation would result in forfeiture of street time credit, the limitations period began to run on that date. Therefore, barring any tolling, the statute of limitations expired on October 27, 2012.

28 U.S.C. § 2244(d)(2) provides that the statute of limitations is tolled during "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent . . . claim is pending . . .."  Respondent states that Dorsey filed his state habeas corpus application on December 2, 2014.  *See* Docket Entry 17-15 at Bates Number 00017.  This was more than two years after the federal limitations period expired.

Dorsey contends that he filed his state habeas corpus application in August 2013. This appears to refer to his first attempt to file an application for a writ of habeas corpus in connection with a petition for a writ of mandamus. The Texas Court of Criminal Appeals denied Dorsey leave to file that application for a writ of mandamus. *See* Docket Entry 17-1. Even if, however, Dorsey's attempt in August 2013 was proper, and that application thus "properly filed," that filing on August 7, 2013, *see* Docket Entry 17-7 at 11, was still more than nine months after the limitations period expired.

The AEDPA statute of limitations is not jurisdictional, and is subject to equitable tolling "in rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998). "Rare and exceptional circumstances" exist when a petitioner is actively misled by the state or prevented in some extraordinary way from asserting his rights. "But, a garden variety claim of excusable neglect by the petitioner does not support equitable tolling." *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002) (internal quotation marks and citation omitted).

Dorsey cites his "ignorance of the law and of the statute of limitations," Reply at 2, as reasons for his late filing. The Fifth Circuit has held, however, that equitable tolling is not warranted on the basis of a petitioner's *pro se* status. *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir.); *see also United States v. Flores*, 981 F.2d 231, 236 (5th Cir. 1993) (holding that *pro se* status, illiteracy, deafness, and lack of legal training are not external factors excusing an abuse of the writ).

Dorsey fails to demonstrate any grounds for equitable tolling. Therefore, his petition is time-barred, and must be dismissed.

**III     Conclusion**

For the foregoing reasons, respondent's motion for summary judgment is granted and Dorsey's petition for a writ of habeas corpus is dismissed with prejudice.

**IV.    Certificate of Appealability**

Dorsey has not requested a certificate of appealability ("COA"), but this Court may determine whether he is entitled to this relief in light of the foregoing ruling. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) ("It is perfectly lawful for district court's [sic] to deny COA *sua sponte*. The statute does not require that a petitioner move for a COA; it merely states that an appeal may not be taken without a certificate of appealability having been issued.") A petitioner may obtain a COA either from the district court or an appellate court, but an appellate court will not consider a petitioner's request for a COA until the district court has denied such a request. *See Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir. 1998); *see also Hill v. Johnson*, 114 F.3d 78, 82 (5th Cir. 1997) ("[T]he district court should continue to review COA requests before the court of appeals does.").

The Supreme Court has stated that:

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This Court has carefully considered Dorsey's petition. The Court finds that jurists of reason would not find it debatable that the petition is foreclosed by the statute of limitations. This Court therefore concludes that Dorsey is not entitled to a certificate of appealability.

V.  **Order**

For the foregoing reasons, it is ORDERED as follows:

A.  Respondent Lorie Davis' Motion for Summary Judgment (Dkt. No. 20) is GRANTED;

B.  Petitioner Brian Dorsey's Petition for Writ of Habeas Corpus (Dkt. No. 1) is in all respects DENIED; and

C.  No certificate of appealability shall issue.

The Clerk shall notify all parties and provide them with a true copy of this Memorandum and Order.

SIGNED on this 25th day of May, 2016.

_____
Kenneth M. Hoyt
United States District Judge